UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

1:18-CV-22853-DPG

**JOSE F. VELIZ**,

              Plaintiff,

v.

**FORCEMANAGEMENT GROUP**, INC.,
**GINA ROSSI**,

              Defendants.
_____/

**DEFENDANT'S, GINA ROSSI, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, **GINA ROSSI**, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and responds as follows.:

1. Admitted.

2. Without knowledge and therefore denied.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied

14. Denied.

15. Denied.

## First Affirmative Defense

Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

Defendant denies any liability under or within the meaning of the FLSA as it regards overtime compensation. However, to the extent that the Court may determine that Defendant's acts or omissions cast either or both in liability under such statute, Plaintiff's claims are nonetheless barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## Third Affirmative Defense

To the extent any claim arises outside the statute of limitations, it is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

## Fourth Affirmative Defense

Defendant asserts that Plaintiff's claims are barred by payment in that Plaintiff's have received all compensation to which they are entitled under the FLSA.

## Fifth Affirmative Defense

Defendant asserts that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

### Sixth Affirmative Defense

Defendant asserts that any claim for overtime compensation by Plaintiff's must be offset by any premium compensation, overpayments, bonuses, advances, commission, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA.

### Seventh Affirmative Defense

Defendant asserts that Plaintiff is not similarly situated to any other person or persons for purposes of the FLSA.

### Eight Affirmative Defense

The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which the Plaintiff performed no work or was not present at his assigned job site, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended.

### Ninth Affirmative Defense

Defendant asserts that it is not subject to liability under the FLSA and this action should be barred because any "omission of overtime payments complained of was in good faith in

conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States… or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect." 29 U.S. § 259.

### Tenth Affirmative Defense

Employer has implemented an effective policy for reporting and resolving overtime complaints and the Plaintiff has unreasonably failed to resolve himself of the policy, failing to mitigate its damages.

Defendant reserves the right to right to any additional affirmative defenses as discovery may reveal.

### Jury Demand

Defendant, Gina Rossi, hereby requests a **trial by jury** pursuant to FRCP 38.

**WHEREFORE**, Defendants pray that their answer be deemed sufficient, and all claims by Plaintiff against Defendants be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

| | |
|---|---|
| Dated: August 22, 2018 | Respectfully submitted, |
| | HOFFMAN, LARIN, & AGNETTI, P.A. |
| | 909 N. MIAMI BEACH BLVD |

MIAMI, FL 33162

305-653-5555

305-940-0090

By:/S/ JOHN B. AGNETTI, ESQ.

By:/S/ NARDO DORSIN, ESQ.

PLEADINGS@HLALAW.COM

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was on the above-date date electronically filed with the Clerk of Court using the Court's CM/ECF system.