## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

### 1:18-CV-22853-DPG

**JOSE F. VELIZ**,

                        Plaintiff,

v.

**FORCEMANAGEMENT GROUP**, **INC.**,
**GINA ROSSI**,

                    Defendants.

_____/

## DEFENDANTS', GINA ROSSI & FORCEMANAGEMENT GROUP, INC., RESPONSE
## AND DEFENSES TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, **GINA ROSSI & FORCEMANAGEMENT GROUP, INC.**, by and through undersigned counsel, hereby files its Response and Defenses to Plaintiff's Statement of Claims, and responds as follows.:

1. Defendants enter a general denial as to all the claims for overtime wages, fees, and costs in Plaintiff's Statement of Claim.

### First Affirmative Defense

Defendants deny any liability under or within the meaning of the FLSA as it regards overtime compensation. However, to the extent that the Court may determine that Defendants' acts or omissions cast either or both in liability under such statute, Plaintiff's claims are nonetheless barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions

complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Second Affirmative Defense

To the extent any claim arises outside the statute of limitations, it is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

### Third Affirmative Defense

Defendants asserts that Plaintiff's claims are barred by payment in that Plaintiff's have received all compensation to which they are entitled under the FLSA.

### Fourth Affirmative Defense

Defendants asserts that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

### Fifth Affirmative Defense

Defendants asserts that any claim for overtime compensation by Plaintiff's must be offset by any premium compensation, overpayments, bonuses, advances, commission, or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiffs for periods not compensable under the FLSA.

### Sixth Affirmative Defense

Defendants asserts that Plaintiff is not similarly situated to any other person or persons for purposes of the FLSA.

**Seventh Affirmative Defense**

The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which the Plaintiff performed no work or was not present at his assigned job site, including vacation and/or sick/medical leave, or for periods of time during which Plaintiffs were otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended.

**Eighth Affirmative Defense**

Defendants asserts that it is not subject to liability under the FLSA and this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States… or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect." 29 U.S. § 259.

**Ninth Affirmative Defense**

Employer has implemented an effective policy for reporting and resolving overtime complaints and the Plaintiff has unreasonably failed to resolve himself of the policy, failing to mitigate its damages.

Dated: August 27, 2018                                        Respectfully submitted,

HOFFMAN, LARIN, & AGNETTI, P.A.

909 N. MIAMI BEACH BLVD

MIAMI, FL 33162

T: 305-653-5555

F: 305-940-0090

By:/S/ JOHN B. AGNETTI, ESQ.

By:/S/ NARDO DORSIN, ESQ.

PLEADINGS@HLALAW.COM

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was on the above-date date electronically filed with the Clerk of Court using the Court's CM/ECF system.